IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | Civil Action No. 06-1125 |
| JEFFREY HICKS | ) | Criminal No. 01-91 |

MEMORANDUM AND ORDER OF COURT

Presently before the court is a pro se motion for correction of sentence pursuant to 18 U.S.C. §3742(a)(1) (Document No. 164) filed by Jeffrey Hicks ("petitioner"), and a petition for writ of habeas corpus pursuant to 28 U.S.C. §2255 filed by counsel for petitioner. For the following reasons, petitioner's motion and petition will be dismissed.

On May 22, 2001, a grand jury returned an indictment against petitioner and three co-defendants charging all four individuals at Count One with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §846. Count Two charged petitioner and another co-defendant with possession of a firearm in furtherance of that drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A)(i).

Two of the co-defendants pled guilty to the conspiracy charge, but petitioner and co-defendant Cory Rogers proceeded to trial. The jury convicted petitioner and Rogers of conspiring to distribute 5 kilograms of cocaine, but they were acquitted of the firearms charge.

On March 19, 2002, this court sentenced petitioner to 151

months imprisonment. The judgment was entered on the docket on March 20, 2002. Petitioner did not appeal his conviction and sentence.

Nonetheless, on August 18, 2006, petitioner filed his pro se motion for correction of sentence pursuant to 18 U.S.C. §3742(a)(1). Petitioner claims that his sentence incorrectly was enhanced based on the court's finding that a firearm was used in connection with a drug trafficking crime, and that finding violated his "sixth amendment rights to jury trial." As a result, petitioner contends that he should be re-sentenced.

In addition to the pro se motion, on August 22, 2006, counsel for petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2255. According to that filing, after petitioner was convicted at trial, he attempted to cooperate with law enforcement to obtain a potential sentence reduction. Petitioner asserts that he chose not to appeal his conviction, although he now claims that there were "two substantial issues" that could have provided him with some relief, in order to proceed with his cooperation. Petitioner claims that he cooperated to the best of his ability, including testifying before a state grand jury. Petitioner notes that the government filed a motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure for his co-defendant, Cory Rogers, which resulted in a reduction of Rogers' sentence, but petitioner has not received a sentence reduction motion from the government. Petitioner believes that under the circumstances, he should be afforded the benefit of the decisions

of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 961 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005), and that he should be re-sentenced. Petitioner maintains that fundamental fairness and equitable estoppel render his argument cognizable under 28 U.S.C. §2255.

Upon due consideration of petitioner's motion and petition and the government's response thereto, the court finds that petitioner is not entitled to relief under either 18 U.S.C. §3742(a)(1) or 28 U.S.C. §2255. Each of petitioner's arguments will be addressed in turn.

I.   <u>Motion for Correction of Sentence Pursuant to 18 U.S.C. §3742(a)(1) (Document No. 164)</u>

In this motion, petitioner requests that the court correct his sentence pursuant to 18 U.S.C. §3742(a)(1). According to §3742(a)(1), a defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence was imposed in violation of law. The defendant's notice of appeal must be filed within 10 days after entry of judgment. <u>See</u> Fed. R. App. Proc. 3(a)(1) and 4(b)(1)(A).

Here, petitioner never filed a timely notice of appeal after judgment was entered on the docket on March 20, 2002. Rather, petitioner's instant pro se motion was filed over four years after entry of judgment. Therefore, petitioner's motion pursuant to 18 U.S.C. §3742(a)(1) is untimely and it must be dismissed.

II. <u>Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2255 (Document No. 165)</u>

The court finds as a matter of law that petitioner's §2255 petition is barred by the applicable statute of limitations.[1] The Anti-Terrorism and Effective Death Penalty Act, which became effective on April 24, 1996, amended §2255 to provide in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] According to Rule 8(a) of the Rules Governing §2255 Proceedings, the court must determine, based on the record, whether an evidentiary hearing on a §2255 petition is required. Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See <u>Government of Virgin Islands v. Nicholas</u>, 759 F.2d 1073, 1075 (3d Cir. 1985). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a §2255 petition, or if the petitioner would not be entitled to relief as a matter of law even if the factual predicates as alleged in the petition are true, it is not an abuse of discretion not to conduct an evidentiary hearing. <u>Id</u>. As explained herein, the court finds as a matter of law that petitioner is not entitled to relief and therefore no hearing is required.

- 4 -

>    (4) the date on which the facts
>    supporting the claim or claims presented
>    could have been discovered through the
>    exercise of due diligence.

28 U.S.C. §2255. "This provision creates a statute of limitations for federal defendants who attempt to collaterally attack their conviction and/or sentence pursuant to §2255." <u>Kapral v. United States</u>, 166 F.3d 565, 567 (3d Cir. 1999).

Petitioner's claim is barred by §2255's statute of limitations because his petition was not filed within one year of the date on which the judgment of conviction became final as required by subsection (1) above. As noted, petitioner was sentenced on March 19, 2002, and he did not appeal his conviction or sentence. For an individual such as petitioner who does not pursue a timely direct appeal to the court of appeals, his conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing an appeal expired. See <u>Kapral</u>, 166 F.3d at 577. In this case, judgment was entered on the docket on March 20, 2002. <u>See</u> Document No. 141. Therefore, petitioner's sentence and conviction became final on April 3, 2002. The one-year deadline for petitioner to have filed a §2255 petition expired on April 3, 2003. For this reason, petitioner's claim for §2255 relief filed on August 22, 2006, is untimely and must be dismissed.

The court notes that the only other statute of limitation subsection of §2255 that petitioner arguably could claim to be relevant is subsection (3). Nevertheless, the instant petition is

untimely under subsection (3) because in order for that provision to apply, a right must be both newly recognized by the Supreme Court <u>and</u> made retroactively applicable to cases on collateral review. In <u>Lloyd v. United States</u>, 407 F.3d 608, 616 (2005), the Third Circuit held that the new rule in "<u>Booker</u> does not apply retroactively to initial motions under §2255 where the judgment was final as of January 12, 2005, the date <u>Booker</u> issued." For this reason, as well as those discussed above, the instant §2255 petition is time barred and must be dismissed.

Even assuming, <u>arguendo</u>, that petitioner's §2255 petition was not time barred, the court notes that his allegation regarding the government's failure to file a Rule 35(b) motion on his behalf fails to provide him relief under §2255.

A federal district court has the authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if the refusal was based on an unconstitutional motive, such as the defendant's race or religion. <u>Wade v. United States</u>, 504 U.S. 181, 185-86 (1992). In addition, a district court has the power to review a prosecutor's decision not to file a substantial assistance motion if the refusal is based on bad faith or if a plea agreement otherwise requires the government to consider offering such a motion. <u>United States v. Abuhouran</u>, 161 F.3d 206, 212 (3d Cir. 1998). However, a claim that a defendant "provided substantial assistance will not entitle [him] to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." <u>Wade</u>,

504 U.S. at 186. To be entitled to discovery or a hearing, the defendant must make a "substantial threshold showing" of an unconstitutional motive by the government. Id.

Furthermore, where the defendant has not entered into a plea agreement, "the prosecutor has almost unreviewable discretion over whether to file a substantial assistance motion." United States v. Isaac, 141 F.3d 477, 481 (3d Cir. 1998). In the absence of a plea agreement, review is allowed only for an unconstitutional motive. Id. at 482.

In this case, petitioner did not enter into a plea agreement with the government, thus review is allowed only for an unconstitutional motive. Petitioner has not alleged, much less claimed to have evidence tending to show, that the government acted with an unconstitutional motive in not filing a substantial assistance motion. Accordingly, even if the petition under 28 U.S.C. §2255 had been filed in a timely fashion, petitioner's claim that the government refused to file a substantial assistance motion on his behalf does not entitle him to relief under §2255.

According to Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit, when a final order denying a petition under §2255 is entered, the court must determine whether a certificate of appealability should issue. When a district court denies relief on a procedural ground, a petitioner only is entitled to a certificate of appealability if he can show that: (1) jurists of reason would find it debatable whether the district court was correct in its procedural ruling; and (2)

jurists of reason would find it debatable whether the prerequisite set forth in 28 U.S.C. §2253(c)(2) has been met. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (discussing standards governing certificates of appealability). Here, petitioner's §2255 petition is barred by the statute of limitations. Petitioner is unable to show that jurists of reason would find the correctness of that ruling debatable. Therefore, a certificate of appealability will not be issued.[2]

For the reasons set forth above, petitioner's petition pursuant to 28 U.S.C. §2255 is barred by the applicable statute of limitations period and likewise fails to raise any meritorious claim and must be denied as a matter of law. Additionally, a certificate of appealability will not be issued in this case.

An appropriate order will follow.

---

[2] Even assuming, <u>arguendo</u>, that petitioner could demonstrate that the court's ruling on the statute of limitations was debatable, he is unable to show that the prerequisite of 28 U.S.C. §2253(c)(2) has been met. According to §2253(c)(2), "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." As the court's opinion makes clear, the petitioner has not made such a showing.

## ORDER OF COURT

AND NOW, this 25th day of October, 2006, for the reasons set forth in the memorandum above, IT IS ORDERED that petitioner Jeffrey Hicks' motion for correction of sentence pursuant to 18 U.S.C. §3742(a)(1) (Document No. 164) and his petition for writ of habeas corpus pursuant to 28 U.S.C. §2255 (Document No. 165) be, and the same hereby are, dismissed; and,

IT FURTHER IS ORDERED that a certificate of appealability will not be issued in this case.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Troy Rivetti
    Assistant U.S. Attorney

    Chris Rand Eyster, Esq.
    100 Ross Street
    Suite 304
    Pittsburgh, PA 15219

    Jeffrey Hicks
    Federal Correctional Institution, Devens
    42 Patton Road
    Ayers, MA 01432

AO 72
(Rev. 8/82)